RICHARDSON et al., Appellants,

v.

MASON et al., Appellees.

[Cite as *Richardson v. Mason* (1994), 93 Ohio App.3d 175.]

Court of Appeals of Ohio,
Warren County.

No. CA93–10–080.

Decided Feb. 14, 1994.

*Thomas A. Jackson & Associates* and *Thomas A. Jackson,* for appellants.

*Clark, Ward & Cave* and *Douglas J. May,* for appellees.

WILLIAM W. YOUNG, Judge.

Plaintiffs-appellants, Marjorie Richardson, Malena Richard, and Donna Morgan, brought suit against defendants-appellees, Warren County, Clearcreek Township, and James Mason, for injuries sustained when Mason's vehicle collided with Richardson's vehicle. Appellants also filed a claim against the Ohio Department of Transportation, which has been stayed pending resolution of this case. This appeal involves only appellants and Clearcreek Township.

On December 5, 1989, Richardson was involved in a collision at the intersection of State Route 48 and Center Spring Road in Clearcreek Township. Richardson was traveling on State Route 48 when Mason entered her lane of travel from Center Spring Road. The stop sign on Center Spring Road was missing on the date of the accident and had been missing for seven days. The trial court assumed Clearcreek Township had notice of the missing stop sign. The trial court granted summary judgment for Clearcreek Township and against appellants, finding Clearcreek Township had no duty to maintain or erect the stop sign.

■ Appellants' sole assignment of error is that the trial court erred in granting summary judgment. Resolution of this case hinges upon our interpretation of R.C. 4511.65, which provides that:

"(A) All state routes are hereby designated as through highways, provided that stop signs, yield signs, or traffic control signals shall be erected at all intersections with such through highways by the department of transportation as to highways under its jurisdiction and by local authorities as to highways under their jurisdiction, except as otherwise provided in this section."

R.C. 4511.01 provides:

"(AA) 'Local authorities' means every county, municipal, and other local board or body having authority to adopt police regulations under the constitution and laws of this state.

"(BB) 'Street' or 'highway' means the entire width between the boundary lines of every way open to the use of the public as a thoroughfare for purposes of vehicular travel."

R.C. 4511.11(A) provides:

"Local authorities in their respective jurisdictions shall place and maintain traffic control devices in accordance with the department of transportation manual and specifications for a uniform system of traffic control devices, adopted under section 4511.09 of the Revised Code, upon highways under their jurisdic-

tion as are necessary to indicate and to carry out sections 4511.01 to 4511.76 * * *."

Finally, R.C. 5535.01 provides:

"The public highways of the state shall be divided into three classes: state roads, county roads, and township roads.

"(A) State roads include the roads and highways on the state highway system.

"(B) County roads include all roads which are or may be established as a part of the county system of roads * * *. Such roads shall be maintained by the board of county commissioners.

"(C) Township roads include all public highways other than state or county roads. The board of township trustees shall maintain all such roads within its township * * *."

The legislature has divided responsibilities for erecting and maintaining traffic control devices between state and local authorities. Under R.C. 4511.65, a local authority must erect a stop sign on a highway under its jurisdiction that intersects with a through highway. Under R.C. 4511.65, State Route 48 is a through highway and Center Spring Road is a highway. Center Spring Road is, according to an affidavit of the Warren County Engineer and a certified map of Clearcreek Township, under the jurisdiction of Clearcreek Township, which is a local authority.

Thus, Clearcreek has a duty to erect a stop sign, as appellants suggest, on Center Spring Road where it intersects with State Route 48. Under R.C. 5535.01(C), Clearcreek has a duty to maintain Center Spring Road and, under R.C. 4511.11(A), to place and maintain the traffic control devices required under R.C. 4511.65.

The trial court's decision finding the state exclusively responsible for maintaining stop signs at intersections of a state route and a township road is erroneous. Accordingly, the assignment of error is sustained, the judgment of the trial court is reversed, and this cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JONES, P.J., and WALSH, J., concur.